IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ZURICH SIMMONS,

                                                                ORDER

                Plaintiff,

                                                           11-cv-340-bbc

    v.

BRIAN BARTOW, DR. THOMAS MICKLOWSKI
and DR. JOSE ALBA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for injunctive relief, plaintiff Zurich Simmons contends that he is being held unlawfully in the custody of the Department of Health and Family Services at the Wisconsin Resource Center in Winnebago, Wisconsin. He is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the

1

complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

After reviewing the complaint, I conclude that it must be dismissed without prejudice because it violates Fed. R. Civ. P. 8.  I will give plaintiff an opportunity to submit an amended complaint that provides more information to support his claims.

DISCUSSION

Plaintiff's complaint is difficult to understand.  He states that he is serving a criminal sentence with a release date of December 31, 2011 and that the state is attempting to commit him civilly under Wisconsin's involuntary commitment statute, Wis. Stat. § 51.20, even though a jury concluded in 2009 that he should not be committed under that statute. Plaintiff has also sent three letters to the court, dkt. ## 5, 6, and 7, in which he asks to be moved from the Wisconsin Resource Center to a different institution, and alleges that he suffers from a blood disease, that he does not wish to take psychotropic medication and that he should not be civilly committed.

This is not enough information to satisfy Fed. R. Civ. P. 8.   Under that rule, a complaint must contain "a short and plain statement" for each claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that the plaintiff must give the defendants "fair notice" of his claims and include factual allegations that "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555,

2

570 (2007). Plaintiff's complaint contains so little information that I cannot determine the basis for his claims or even what his claims are. For example, it is not clear whether plaintiff is contending that he has been civilly committed unlawfully, that his civil commitment hearing violated his right to due process, that he is being subjected to forced treatment despite having not been civilly committed, that the treatment and conditions that the Wisconsin Resource Center violate his constitutional rights or something else. It appears from plaintiff's complaint that he assumes that I am aware of his circumstances and the problems he is facing, which is not the case. If he wants relief from the court he will have to explain his circumstances and the reasons he thinks he is being treated unconstitutionally.

Thus, I will dismiss the complaint and give plaintiff an opportunity to file a new one that contains more information. In redrafting his complaint, plaintiff should view the exercise as telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?
- What did defendants do that makes them liable for violating plaintiff's rights?
- How was plaintiff injured by defendants' conduct?

If plaintiff believes his constitutional rights were violated, he needs to specify which rights were violated and how each defendant violated them specifically. Similarly, if plaintiff believes his rights under Wisconsin laws were violated, he needs to specify which laws he

3

thinks were violated by defendants' actions.

Plaintiff may have until July 13, 2011 to file a new complaint. If he does not respond to this order by that date, the case will be closed.

ORDER

IT IS ORDERED that the complaint filed by plaintiff Zurich Simmons is DISMISSED for failure to comply with Fed. R. Civ. P. 8. He may have until July 13, 2011 to file a proposed amended complaint that gives defendants proper notice of his claims. If plaintiff fails to respond by that date, the clerk of court is directed to close this case.

Entered this 29th day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge